UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80095-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

MICHAEL RALPH RIGBY,

Defendant.

_____/

## FACTUAL PROFFER

The United States of America and Defendant Michael Ralph Rigby (the "Defendant")
agree that, had this case gone to trial, the United States would have proven the following facts
beyond a reasonable doubt:

1.     The Defendant is a citizen and national of Turks and Caicos. The Defendant has
never held status as a citizen of the United States.

2.     In or around July 1984, the Defendant entered the United States under a then-valid
visitor visa. The Defendant proceeded to overstay the visitor visa and has lived in Palm Beach
County, Florida, dating back to at least 1989.

3.     On July 10, 1997, the Defendant submitted a Florida voter registration form. The
form included a question that reads: "Are you a U.S. citizen?" That question includes a "Yes" and
a "No" option, along with an advisement: "If NO, you cannot register to vote." The Defendant
selected the "Yes" option, falsely indicating that he was a United States citizen.

4.     On August 4, 2012, the Defendant again submitted a Florida voter registration form.
In this form, the Defendant again falsely indicated that he was a United States citizen.

5.     Certified voting records reflect that the Defendant has cast ballots in primary and
general elections dating back to 2012.

6.      In or around July 2022, the Defendant signed and submitted a mail-in ballot for an August 2022 primary election that included candidates for the United States Senate and the United States House of Representatives. Certified voting records reflect that the Defendant's ballot was accepted and tabulated on or about August 23, 2022.

7.      Certified wage and earning records, along with employment records from one of the Defendant's employers, reflect that the Defendant has been employed in the United States since at least 2003. In an October 2013 employment eligibility verification form for one of his employers, the Defendant entered a signed attestation that he was a citizen of the United States.

8.      On or about January 7, 2022, the Defendant submitted a signed Form I-485, Application to Register Permanent Residence or Adjust Status, to the United States Citizenship and Immigration Services, an agency of the executive branch of the United States Government. In this application, the Defendant made multiple materially false representations that the Defendant knew were false at the time he signed the application under penalty of perjury. These representations included the Defendant's false claims that: (a) he had been unemployed dating back to 1989 and had not ever worked in the United States without authorization, (b) he had not ever falsely claimed to be a U.S. citizen in writing or any other way, (c) he had not ever voted in violation of any Federal, state, or local constitutional provision, statute, ordinance, or regulation in the United States, and (d) he had not engaged in any other unlawful activity.

9.      On or about May 15, 2025, law enforcement conducted a voluntary interview of the Defendant at his place of employment, where he has worked for over a decade. The Defendant acknowledged his identity, his entry into the United States in 1984, his current immigration status, and his awareness of the legal and status differences between a United States citizen and a lawful

2

permanent resident. The Defendant also acknowledged that he had filled out prior voter registration forms, that the forms had been accepted, and that he had voted in person in the 2016 Florida presidential primary election. The Defendant further acknowledged that he probably submitted a mail-in ballot in connection with a 2022 primary election. The Defendant noted that he had received but did not respond to a communication from the Palm Beach County Supervisor of Elections at some point in 2024, in which he was asked to clarify his citizenship status for purposes of voter eligibility.

The information contained in this proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove the charge set forth in the Information beyond a reasonable doubt.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 11/10/25

By: _____ for
STERLING M. PAULSON
ASSISTANT UNITED STATES ATTORNEY

Date: 11/10/25

_____
PETER BIRCH
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 11/10/25

_____
MICHAEL RALPH RIGBY
DEFENDANT

3